IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JASON BROOMELL, ) | CIVIL NO.: 2:04-23014-DCN |
| ) | CRIMINAL NO.: 2:03-00080 |
| Petitioner, ) | |
| ) | |
| -vs- ) | **ORDER AND OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

BACKGROUND

On February 12, 2003, Jason Broomell ("Broomell") was charged in Counts 1 and 2 of a four count Indictment in which his wife and two others were also named. G. Wells Dickson, Jr., ("Mr. Dickson"), Esquire, was appointed to represent him following his arrest on January 11, 2003.

On August 22, 2003, Broomell pled guilty to Count 1 of the Indictment which charged him with conspiring to distribute, and to possess with intent to distribute, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. In paragraph 8 of the Plea Agreement filed that same day the Government agreed to dismiss Count 2. In paragraph 9.a. Broomell stipulated "that the quantity of methamphetamine (actual) the Defendant is personally responsible for as his relevant conduct is more than 50 grams."

A Presentence Investigation Report (PSR) was prepared by United States Probation

1

Officer Crystal L. Barr ("USPO Barr").  In paragraph 28 of that report, USPO Barr found that Broomell was accountable for 173.7 grams of methamphetamine (actual) that resulted in a base Offense Level of 34.  A two level upward adjustment based upon the Specific Offense Characteristic set forth in USSG § 2D1.1(b)(5)(A) was recommended in paragraph 34 of the PSR while a two level upward adjustment for role pursuant to USSG § 3B1.1(c) was set forth in paragraph 36.  The Adjusted Offense Level of 38 was reduced by three levels for acceptance of responsibility, resulting in a Total Offense Level of 35.  With an Offense Level of 35 and Criminal History Category of III, the defendant's guideline range was 210 to 262 months.  Mr. Dickson submitted objections to the upward adjustments recommended by USPO Barr in paragraphs 34 and 36.  USPO Barr addressed those objections in an Addendum to the PSR.

On December 10, 2003, Broomell appeared with Mr. Dickson for sentencing.  A Motion for Reduction of Sentence pursuant to USSG § 5K1.1 was filed by the Government that same day.  The defendant was sentenced to a term of imprisonment of 120 months and a five year term of supervised release, and was ordered to pay a special assessment of $100.  The Judgment was filed on December 18, 2003, and entered the following day.

On December 22, 2003, a letter from Broomell entitled "Motion to Appeal" was received by the Clerk of Court and filed that same day.  On December 30, 2003, a WITHDRAWAL OF NOTICE OF APPEAL signed by the defendant was filed with the Clerk of the District Court.  In a letter dated January 9, 2004, the Fourth Circuit Court of Appeals notified counsel that an appeal concerning Broomell had been docketed on January 7, 2004, and that on January 5, 2004, the district court had "forwarded a notice signed by appellant titled 'WITHDRAWAL OF NOTICE OF APPEAL,' which the Court has construed as a motion for voluntary dismissal."  On

January 20th the United States submitted a Response to Appellant's Motion to Withdraw Appeal stating that there was no opposition to Broomell's motion. Then, on January 28, 2004, the Fourth Circuit filed an Order dismissing the appeal and the Mandate was issued the same day.

On November 18, 2004, Broomell submitted a form Motion under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the Motion"). Defendant has asserted the following grounds to support his motion:

    A.    Did the district court fail to base the amount of drugs on a factual determination?

    B.    Did the district court fail to comply with Rule 32 of the Federal Rules of Criminal Procedure?

    C.    Did the court breach the plea agreement and violate the Fifth and Sixth Amendments?

    D.    Ineffective assistance of counsel.

On November 23, 2004, an Order was entered directing the Government to file an answer or other pleading within 45 days. On January 7, 2005, the United States filed its response opposing the § 2255 relief sought by Broomell and urging that summary judgment be granted to the Government. A Roseboro order was filed on January 10, 2005. Broomell has neglected to file any opposition to the Government's motion for summary judgment.

## ANALYSIS

Section 2255 relief is only available to correct a miscarriage of justice. United States v. Pregent, 190 F.3d 279 (4th Cir. 1999). Habeas review is an extraordinary remedy and is not available as a substitute for an appeal. United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001); United States v. Harris, 183 F.3d 313 (4th Cir. 1999). Claims that could have been raised on appeal, but were not, are waived and may not be asserted in a collateral proceeding absent

cause and actual prejudice.  United States v. Frady, 456 U.S. 152, 167-69 (1982); United States v. Timmreck, 441 U.S. 780, 783-85 (1979).

To prevail on his Motion, Broomell must prove a lack of jurisdiction, a constitutional error, or an error that constitutes a fundamental defect which inherently resulted in a complete miscarriage of justice.  28 U.S.C. § 2255; United States v. Addonizio, 442 U.S. 178, 184-85 (1979).  The United States Supreme Court in Addonizio held that Section 2255 is not available to provide recourse to all who have suffered errors and a distinction is drawn between constitutional or jurisdictional errors and mere errors of law.  Id.  Citing Hill v United States, 368 U.S. 424, 428 (1962), the Supreme Court further stated that it "has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 185.  The Fourth Circuit has held that "a misapplication of the guidelines typically does not constitute a miscarriage of justice."  United States v. Mikalajunas, 186 F.3d 490, 496( 4th Cir. 1999).

The burden in a 28 U.S.C. § 2255 proceeding is on Broomell to prove his claims by a preponderance of the evidence.  Vanater v. Boles, 377 F.2d 898, 900 (4th Cri. 1967).

Although Broomell initiated an appeal, it was dismissed based upon his own motion.  As a result he did not pursue Grounds A, B and C above.  Having failed to do so, those issues are waived and may not be asserted in this collateral proceeding absent cause and actual prejudice which Broomell cannot establish.  Bousley v. United States, 523 U.S. 614, 621-22 (1998); Frady, 456 U.S. 152, 167-69; Sanders, 247 F.3d at 144; and Mikalajunas, 186 F.3d at 492-94.

As for Broomell's Ground D, based on the fact that Broomell's guideline sentence was a minimum of 210 months and the fact that his attorney convinced the Government to file a 5K1.1

4

motion, Broomell's claim that his attorney was ineffective is ludicrous.

Since Broomell has waived three of the four claims he posits in his motion and the fourth is not worth the paper it is written on, Broomell's Petition must be dismissed. Therefore, the Government's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

    s/David C. Norton
David C. Norton
United States District Judge

Charleston, South Carolina
April 29, 2005

5